<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Bezalel GROSSBERGER, | |
| Plaintiff, | Civ. No. 11-3728 |
| v. | OPINION and ORDER |
| Patrick RUANE and Marion RUANE, | |
| Defendants. | |

<u>THOMPSON, U.S.D.J.</u>

This matter has come before the Court on Plaintiff Bezalel Grossberger's Application for Pro Bono Counsel [6]. For the reasons that following, the application is denied.

Neither the Supreme Court nor the Third Circuit Court of Appeals has found a constitutional right to counsel for litigants in a civil case. *Parham v. Johnson*, 126 F.3d 454, 456 (3d Cir. 1997). A court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). District courts are vested with broad discretionary authority to determine whether counsel should be appointed to represent such a civil *pro se* plaintiff. *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). The Third Circuit, however, has indicated that courts should be careful in appointing *pro bono* counsel because "volunteer lawyer time is a precious commodity [that] should not be wasted on frivolous cases." *Parham*, 126 F.3d at 458. A court should only consider appointing counsel if the plaintiff has not alleged a frivolous or malicious claim. *Id.* at 457. Therefore, as a threshold matter, this Court must first consider the merits of a plaintiff's claim. *Tabron*, 6 F.3d at 155 ("Before the court is justified in exercising its discretion in favor of appointment, it must first appear that the claim has some merit in fact and law.") (citation omitted).

1

If a plaintiff's claim has arguable merit, the court will then consider a number of additional factors that bear on the need for appointed counsel, including: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the plaintiff's ability to pursue such investigation; (4) the likelihood that the case will turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether the plaintiff can obtain and afford counsel on his own behalf. *Parham*, 126 F.3d at 457. This list of factors is not exhaustive, but instead is intended to serve as a guidepost for the district courts.

The Court assumes for purposes of this motion that Plaintiff has satisfied the threshold requirement of presenting a meritorious claim. But, the Court finds that a consideration of the *Parham* factors does not warrant appointment of counsel in this case. The legal issues presented in this case are not so complex that Plaintiff will require the assistance of counsel in order to pursue his case effectively. In addition, it does not appear that significant factual investigation or expert testimony will be required in this matter. Although Plaintiff's case may turn on witness credibility, this factor alone does not warrant the appointment of counsel—especially at such an early stage of this litigation. On balance, the record does not support appointing counsel for Plaintiff at this time. The Court does note, however, that Plaintiff may renew his request for appointment of counsel at any time during this action. *Tabron*, 6 F.3d at 156.

For the foregoing reasons, IT IS on this 2nd day of November, 2011

ORDERED that Plaintiff's Application for Pro Bono Counsel [6] is DENIED without prejudice.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.

2