NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Bezalel GROSSBERGER,<br><br>        Plaintiff,<br><br>v.<br><br>Patrick RUANE and Marion RUANE,<br><br>        Defendants. | Civ. No. 11-3728<br><br>OPINION and ORDER |

THOMPSON, U.S.D.J.

    This matter has come before the Court on Plaintiff Bezalel Grossberger's renewed Motion to Appoint Pro Bono Counsel [Docket # 10]. For the reasons that follow, the application is denied.

    As stated in this Court's initial Opinion and Order denying Plaintiff's first application for pro bono counsel [8], neither the Supreme Court of the United States nor the Court of Appeals for the Third Circuit has found a constitutional right to counsel for litigants in a civil case. *See Parham v. Johnson*, 126 F.3d 454, 456 (3d Cir. 1997). A court, however, "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). District courts are vested with broad discretionary authority in this regard. *See Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). The Court proceeds carefully in appointing *pro bono* counsel because "volunteer lawyer time is a precious commodity [that] should not be wasted on frivolous cases." *Parham*, 126 F.3d at 458. Therefore, "[b]efore the court is justified in exercising its discretion in favor of appointment, it must first appear that the claim has some merit in fact and law." *Tabron*, 6 F.3d at 155 (citation omitted).

In its initial denial of Plaintiff's request for pro bono counsel, the Court assumed for purposes of deciding that issue that Plaintiff's claims had arguable merit. (Op. and Order of Nov. 2, 2011). The Court relied instead on a weighing of the *Parnham* factors, *see Parham*, 126 F.3d at 457, in denying the application. (Op. and Order of Nov. 2, 2011). Since the denial of Plaintiff's original application, Defendants subsequently moved before this Court to dismiss Plaintiff's claims under Fed. R. Civ. P. 12(b)(6), [9], arguing that Plaintiff has released all claims against the Defendants and that Plaintiff's claims are otherwise barred by the statute of limitations. As such, this Court is no longer willing to assume that Plaintiff has presented a claim that has merit in either law or fact. That issue will need to be addressed in deciding Defendants' pending motion. Therefore, Plaintiff's renewed application is denied, and Plaintiff should respond to Defendant's Motion to Dismiss in accordance with the normal briefing schedule.

For the foregoing reasons, IT IS on this 5th day of December, 2011

ORDERED that Plaintiff's Motion to Appoint Pro Bono Counsel [6] is DENIED; and it is

ORDERED that Plaintiff is to respond to the pending Motion to Dismiss [9] in accordance with the normal briefing schedule.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.