NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Bezalel GROSSBERGER a/k/a Ben Gross,

    Plaintiff,

v.

Patrick RUANE and Marion RUANE,

    Defendants.

Civ. No. 11-3728

OPINION

THOMPSON, U.S.D.J.

    This matter has come before the Court on Defendants Patrick Ruane and Marion Ruane's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) [Docket # 9] and Plaintiff Bezalel Grossberger a/k/a Ben Gross's ("Grossberger") Motion to Enforce Subpoena [12]. The Court has decided these motions after considering the parties' submissions and without oral argument pursuant to Fed. R. Civ. P. 78(b). For the reasons that follow, Defendants' motion will be granted, Plaintiff's claims will be dismissed, and Plaintiff's motion will be denied as moot.

    **I.**    **Facts**

    Plaintiff Bezalel Grossberger has filed a Complaint [1] against the Defendants Patrick and Marion Ruane seeking redress under 42 U.S.C. §§ 1981, 1982, and 1985. Plaintiff and Defendants entered into a contract for the purchase of a house at 413 Oak Glen Road in Howell, NJ ("the Property") at some time in 2005. (Compl. ¶¶ 1, 2). After much back-and-forth between the parties, a closing date was set for June 1, 2006. (*Id.* ¶ 6). Defendants, however, refused to go through with this closing. (*Id.* ¶ 7). Plaintiff claims that this breach of contract "was discriminatory against the plaintiff and his community." (*Id.* ¶ 10). Furthermore, Plaintiff

1

contends that the realtor[1] had assured him "that seller [i.e., the Defendants] will 'never transfer title to a member of plaintiffs' [*sic*] community." (*Id.* ¶ 9). Plaintiff never describes who is a part of his community or what characteristics are associated with members of his community.

Defendants have moved to dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. They argue in support of their motion the following: (1) that Plaintiff has released all claims against them as part of a settlement from an earlier state-court proceeding; (2) Plaintiff has not sufficiently alleged a claim under 42 U.S.C. §§ 1981, 1982, or 1985 because he has not identified a protected category of persons of which he is a member; and (3) Plaintiff's claims are barred by the statute of limitations. Plaintiff, on the other hand, contends that the release is invalid and that the discrimination is ongoing, meaning that the statute of limitations has not yet started to run.

## II.  Legal Standard

On a motion to dismiss for failure to state a claim, a "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1947 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). But, the court should disregard any conclusory allegations proffered in the complaint. *Id.* Finally, once the well-pleaded facts have been identified and the conclusory allegations ignored, a court must next

---

[1] From the face of the Complaint it is unclear to the Court whose realtor—i.e., the Plaintiff's or the Defendants'—allegedly said this. Construing Plaintiff's *pro se* Complaint in the most favorable terms for him, *see Erickson v. Pardus*, 551 U.S. 89 (2007), the Court is proceeding under the assumption that it was the Defendants' realtor who said this to the Plaintiff.

determine whether the "facts are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 129 S. Ct. at 1949).  This requires more than a mere allegation of an entitlement to relief.  *Id.*  "A complaint has to 'show' such an entitlement with its facts." *Id.*  A claim is only plausible if the facts pleaded allow a court reasonably to infer that the defendant is liable for the misconduct alleged. *Id.* at 210 (quoting *Iqbal*, 129 S. Ct. at 1948).  Facts suggesting the "mere possibility of misconduct" fail to show that the plaintiff is entitled to relief. *Id.* at 211 (quoting *Iqbal*, 129 S. Ct. at 194).

**III.   Discussion**

No federal statute of limitations is attached to civil rights violations under 42 U.S.C. §§ 1981, 1982, or 1985.  Instead, the Court looks to New Jersey state law regarding personal injury actions for claims arising under these federal civil rights statutes. *See Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660 (1987), *superseded on other grounds by statute*, 28 U.S.C. § 1658(a), *as recognized in Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004); *see also Cito v. Bridgewater Twp. Police Dep't*, 892 F.2d 23, 25 (3d Cir. 1990).  Pursuant to N.J.S.A. 2A:14-2, the statute of limitations applicable to this case is two years.[2] *See Jones v. R.R. Donnelley & Sons*, 541 U.S. 369, 382 (2004) (federal civil rights claims under §§ 1981, 1982, 1983 and 1985 are subject to the state statute of limitations for personal injury actions); *see also Cito*, 892 F.2d at 25 (two-year statute of limitation in New Jersey for § 1985 claim); *Evans v. Port Auth. Trans-Hudson Corp.*, No. 04-4062, 2006 U.S. App. LEXIS 4349, *12 (3d Cir. Feb. 23, 2006) (two-year statute of limitations in New Jersey for § 1981 claims).

In order for a statute of limitations defense to serve as a basis for a Rule 12(b)(6) dismissal, "the complaint [must] facially show[] noncompliance with the limitations period and

---

[2] "Every action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this State shall be commenced within two years next after the cause of any such action shall have accrued." N.J.S.A. 2A:14-2.

3

the affirmative defense [must] clearly appear[] on the face of the pleading." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994). In the present case, the breach of contract that was allegedly discriminatory occurred on June 1, 2006. (Compl. ¶ 10). This is well past the proscribed two-year statute of limitations.

Plaintiff has put forth responsive arguments in his second application for appointment of pro bono counsel [10], as well as in an opposition brief [13]. In both filings, Grossberger argues that Defendants' actions constitute a continuing violation, such that the statute of limitations begins to run only after the conclusion of this violation. (Pl.'s Mot. to Appoint Pro Bono Counsel, 3; Pl.'s Opp. Br. 1–2). He further argues that the basis of this alleged continuing violation is contained in paragraphs 8, 9, and 10 of the Complaint. (Pl.'s Mot. to Appoint Pro Bono Counsel). These paragraphs state in their entirety:

> 8. Recently, defendants listed property for sale at a higher than original contract price.
> 9. Realtor has assured, [sic] that seller will "never transfer title to a member of plaintiffs' [sic] community".
> 10. It is now clear, [sic] that the breach of contract which occurred on June 1st 2006, was discriminatory against the plaintiff and his community.

(Compl. 8–10).

The doctrine of continuing violation is an "equitable exception to the timely filing requirement." *Cowell v. Palmer Township*, 263 F.3d 286, 292 (3d Cir. 2001) (quoting *West v. Philadelphia Elec. Co.*, 45 F.3d 744, 755 (3d Cir. 1995)). Therefore, for Plaintiff to make use of this equitable doctrine, he must establish that the Defendants have engaged in conduct that "is more than the occurrence of isolated or sporadic acts." *Id.* (quoting *West*, 45 F.3d at 755). Moreover, "*Cowell* instructs that the focus is on the 'continual unlawful acts, not continual ill effects from an original violation.'" *Budzash v. Howell Twp.*, No. 10-1422, 2011 U.S. App. LEXIS 23109, *8 (3d Cir. 2011) (quoting *Cowell*, 263 F.3d at 293). In making this

4

determination, courts should consider the following: (1) whether the violations constitute the same type of discrimination, tending to connect them in a continuing violation; (2) whether the acts are recurring or more in the nature of isolated incidents; and (3) whether the act had a degree of permanence which should trigger the plaintiff's awareness of and duty to assert his/her rights and whether the consequences of the act would continue even in the absence of a continuing intent to discriminate. *Id.* This third factor is the most important consideration. *Id.*

In this case there is only one discriminatory act complained of—the alleged breach of contract. (Compl. 10). There are no facts alleged in the complaint, however, that indicate a discriminatory animus at the time of breach. One event allegedly occurred (though no time frame is given) in which the Defendants' realtor told Grossberger that the Ruanes would "never transfer title to a member of plaintiffs' [sic] community." (Compl. 9). Arguably, this is not a discriminatory act on the part of the Defendants themselves; it is merely a hearsay statement about what the Defendants allegedly believed. The first consideration under the three-part *Cowell* standard is therefore inapposite because only one arguably discriminatory act occurred— i.e., the breach of contract.[3] Second, this is very much in the nature of an isolated incident. Lastly, it is without doubt that Plaintiff should have been aware of this occurrence. Years of litigation have ensued regarding the Property, and it is only now—five years later—that Plaintiff first raises a claim that his civil rights were violated. Thus, all three factors weigh in favor of dismissing Plaintiff's complaint. Although there may be continuing ill effects from the alleged breach of contract, this does not mean that continuous discrimination has occurred that would result in an equitable tolling of the statute of limitations.

---

[3] This case is analogous to *Cowell* in which the United States Court of Appeals for the Third Circuit held that a township's conduct in imposing liens and refusing to remove them was a single, and not a continual, act. *Cowell*, 263 F.3d at 295.

Plaintiff next argues that the statute of limitations only began to run after he should have become aware of the discriminatory action. *See, e.g.*, *William A. Graham Co. v. Haughey*, 646 F.3d 138, 150 (3d Cir. 2011). He argues that he could not have learned of this discrimination until the summer of 2010 because that is when the Ruanes re-listed the Property for sale, and until that time Defendants have consistently argued that their refusal to sell in 2006 was because of a "change in mind." (Pl.'s Opp. Br. 2). Plaintiff has alleged no facts, however, that indicate why Defendant's re-listing of the property is in any way discriminatory. This is the same type of conclusory allegation that the Supreme Court of the United States admonished in *Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1947 (2009). It is insufficient to make wild conjectures of discrimination in a complaint; "[a] complaint has to 'show' [a right to recover] with its facts." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). Those facts are completely lacking in this case.

The Court also notes that Plaintiff has failed to plead that he is a member of a protected class and that this is also fatal to his claim. *See, e.g., Anderson v. Wachovia Mortg. Corp.*, 621 F.3d 261, 275 (3d Cir. 2010) ("In order to make out a prima facie case of lending discrimination in a § 1981 case, a plaintiff must show . . . that he belongs to a protected class."); *D.T.B. v. Advisory Comm. on Judicial Conduct to the Supreme Ct. of the State of N.J.*, 114 F. App'x 447, 449 (3d Cir. 2004) (Plaintiff's "§ 1985 claim failed because it did not allege . . . that there was a conspiracy directed at O'Callaghan and D.T.B. as members of a protected class."). Moreover, the Court notes that Plaintiff has signed a release whereby he gave up "any and all claims and rights which [he] may have against [the Ruanes] . . ., *including those of which [he was] not aware and those not mentioned in this Release*." (Maitlin Cert., Ex C). This would also almost certainly be fatal to his present claim. However, this is inappropriate to consider on a motion to dismiss because it does not appear on the face of the complaint. *See Rycoline Prods., Inc. v. C &*

6

*W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997); *see also Brody v. Hankin*, 145 F. App'x 768, 771 (3d Cir. 2005).

### IV.     Conclusion

For the foregoing reasons, the Defendants' Motion to Dismiss is granted and Plaintiff's claims are dismissed.  Further, Plaintiff's Motion to Enforce Subpoena is denied as moot.  An appropriate order will follow.


       /s/ Anne E. Thompson
ANNE E. THOMPSON, U.S.D.J.

Date: December 14, 2011