NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Bezalel GROSSBERGER a/k/a Ben Gross, | |
| Plaintiff, | Civ. No. 11-3728 |
| v. | MEMORANDUM ORDER |
| Patrick RUANE and Marion RUANE, | |
| Defendants. | |

THOMPSON, U.S.D.J.

This matter has come before the Court on Plaintiff Bezalel Grossberger's Motion to Amend [docket #s 17, 20]. Defendants Patrick Ruane and Marion Ruane oppose this motion [22]. On December 14, 2011, the Court dismissed Plaintiff's Complaint, which made claims under several federal civil rights statutes, because these claims are barred by the statute of limitations and because he had not identified a protected class of which he is a member. (*See* Op. of Dec. 14, 2011, at 4–6) [15].[1] Reading Plaintiff's *pro se* arguments as broadly as possible, there are two issues before this Court. *See Erickson v. Pardus*, 551 U.S. 89 (2007). First, Plaintiff asks this Court to reconsider its earlier determination that his civil-rights claims are barred by the statute of limitations. Second, Plaintiff attempts to assert a claim of fraudulent conveyance against Defendants. Each of these issues will be discussed in turn. For the following reasons, Plaintiff's motion will be denied.

 I.  RECONSIDERATION

A motion for reconsideration is properly brought pursuant to Fed. R. Civ. P. 59(e) and L. Civ. R. 7.1. There are three bases on which such a motion may be brought: (1) an intervening

---

[1] This dispute arises out of Defendants' refusal to sell a certain piece of real property to the Plaintiff. For the purpose of deciding this motion, the Court assumes the parties familiarity with the underlying facts of this case.

change in controlling law; (2) evidence not previously available; or (3) to correct a clear error of law or prevent manifest injustice. *North River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). Reconsideration is an extraordinary remedy that is to be granted "very sparingly." *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002). A motion for reconsideration is not a vehicle for raising new matters or arguments that could have been raised before the original decision was made, *Bowers v. NCAA*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001), nor is it an opportunity to ask a court to rethink what it has already thought through. *Oritani S & L v. Fidelity & Deposit*, 744 F. Supp. 1311, 1314 (D.N.J. 1990). Reconsideration based on a clear error of law may be granted only if there is a dispositive factual or legal matter that was presented but not considered which would have reasonably resulted in a different conclusion by the court. *Champion Labs., Inc. v. Metex Corp.*, 677 F. Supp. 2d 748, 750 (D.N.J. 2010).

   Plaintiff, in supplemental briefing to this pending motion [20], attempts to draw the Court's attention to the alleged chronology of events, which, according to Plaintiff, prove that the discrimination in this case is continuous. (*See* Pl.'s Supp. Br., at 11–12). However, there is no new information contained in this chronology that the Court was not aware of at the time it decided Defendants' original motion to dismiss other than a removal of a "for sale" sign by Defendants. Moreover, Plaintiff has again failed to show how any of the Defendants' acts are discriminatory. Although some of Defendants' acts may have been detrimental to Plaintiff in some manner, this does not mean that Defendants had an underlying discriminatory animus for taking these actions. A court must determine whether the facts alleged in a complaint "are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 129 S. Ct. at 1949). This requires more than a mere allegation of an entitlement to relief. *Id.* "A complaint has to 'show' such an entitlement with its facts." *Id.* A claim is only plausible

if the facts pleaded allow a court reasonably to infer that the defendant is liable for the misconduct alleged. *Id.* at 210 (quoting *Iqbal*, 129 S. Ct. at 1948). Mere conjecture on the part of a plaintiff or the "mere possibility of misconduct" by a defendant fails to show that the plaintiff is entitled to relief. *Id.* at 211 (quoting *Iqbal*, 129 S. Ct. at 194). Because Plaintiff has presented no new information to the Court or otherwise shown why Defendants' actions can be attributed to a discriminatory animus, Plaintiff's request for the Court to reconsider its previous order must be denied.

## II.   MOTION TO AMEND

It has been the accepted and encouraged policy that courts should liberally grant leave to amend pleadings when justice so requires. *See* Fed. R. Civ. P. 15(a); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962); *Dole v. Arco Chem. Co.*, 921 F.2d 484 (3d Cir. 1990). The determination of a motion to amend falls within the discretion of the trial court and is guided by Fed. R. Civ. P. 15(a). *Foman*, 371 U.S. at 182 (1962).

When the movant's request to amend is "a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Id.* Therefore, before dismissing a complaint under Rule 12(b)(6), "a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008) (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002)). An amended complaint is "futile" if it would still fail to state a claim for relief under the Rule 12(b)(6) standard. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

In this case Plaintiff does not have standing[2] to assert a claim for fraudulent transfer because he has not validly pled that he is a "creditor" within the meaning of the Uniform Fraudulent Transfer Act ("the Act"), N.J.S.A. § 25:2-20, *et seq*. Under the Act, only a present or future creditor can set aside a transfer from a debtor. *See* N.J.S.A. § 25:2-25 ("A transfer made or obligation incurred by a debtor is fraudulent *as to a creditor*, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation: (a) With actual intent to hinder, delay, or defraud any creditor of the debtor." (emphasis added)). Here, Plaintiff is not a creditor because, through his own admission, he no longer has a lien on the property at the center of this dispute. (Pl.'s Supp. Br., at 4, ¶ 14). Furthermore, he has no viable legal claim as discussed both above and in this Court's previous order dismissing Plaintiff's Complaint. Therefore, permitting an amended complaint in this case would be futile.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff's arguments are unavailing and the pending motion must be denied.

Therefore, IT IS on this 27th day of March, 2012,

ORDERED that Plaintiff's Motion to Amend [17] is DENIED.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.

---

[2] Standing is a jurisdictional pre-requisite to filing suit in federal court, and a plaintiff must show standing under each cause of action. *See Allen v. Wright*, 468 U.S. 737, 752 (1984); *see also Lewis v. Casey*, 518 U.S. 343, 358 n.6 (1996) ("Standing is not dispensed in gross."). This Court has an independent duty to determine its own subject matter jurisdiction when it is "fairly in doubt." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1945 (2009) (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)); *see also Peachlum v. City of York*, 333 F.3d 429, 433 (3d Cir. 2003) (citations omitted). Therefore, consideration of whether Plaintiff has standing to assert a claim for fraudulent conveyance is appropriate in this case.