NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Bezalel GROSSBERGER a/k/a Ben Gross,

    Plaintiff,

v.

Patrick RUANE and Marion RUANE,

    Defendants.

Civ. No. 11-3728

MEMORANDUM ORDER

THOMPSON, U.S.D.J.

    This matter has come before the Court on Plaintiff Bezalel Grossberger's Motion to Reopen the Case [docket # 34]. This is now Plaintiff's sixth attempt to argue the issues that were previously before the Court. In its previous Opinion and Order of December 14, 2011 [15, 16] the Court dismissed Plaintiff's Complaint. On that same day Plaintiff filed a Motion for Reconsideration/Motion to Amend [17], which this Court rejected on March 27, 2012 [23]. Plaintiff then filed a Second Motion for Reconsideration on April 25, 2012 [24], which the Court denied as untimely filed [27]. Three days later Plaintiff filed a Motion to Reinstate the Complaint [28], which was an attempt to get this Court to reconsider the arguments repeatedly presented by Plaintiff. The Court stated in its Memorandum Order denying this motion that "'[t]here is no basis for allowing a motion for re-reconsideration,' much less a motion for re-re-reconsideration." (Mem. Order of May 14, 2012 (quoting *Mars, Inc. v. Coin Acceptors, Inc.*, 2006 U.S. Dist. LEXIS 75650, at *9 (D.N.J. Oct. 17, 2006)). Following this, Plaintiff appealed to the United States Court of Appeals for the Third Circuit. In a summary per curiam opinion, the Third Circuit affirmed this Court's denial of Plaintiff's request to reinstate the Complaint [33]. Plaintiff's present motion followed.

1

A motion to reinstate the complaint is governed by Federal Rule of Civil Procedure 60(b). Pursuant to this provision, "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Plaintiff apparently argues that relief is appropriate under subsection (2) of this provision. He argues that Defendants recently sold their house, which, to Plaintiff, implies some sort of discrimination.

The Court fails to see why the Defendants' sale of the property in dispute is in any way discriminatory. This Court noted in a previous opinion in this case that simply re-listing the property for sale was not indicative of a discriminatory animus that might otherwise toll the statute of limitations. (Mem. Order of Mar. 27, 2012) [23]. Similarly, the sale of the property does not, by itself, show in any way that Defendants had a discriminatory intent. This is true even if Plaintiff might have offered a higher purchase price to the Defendants. A party is free to contract with whomever they please. Indeed, "[f]reedom of contract includes the freedom to make a bad bargain." *Chambers Dev. Co. v. Passaic Cnty. Utils. Auth.*, 62 F.3d 582, 589 (3d Cir. 1995). There could be numerous reasons why Defendants accepted this lower price, most obviously, the fact that Plaintiff has dragged them through over six years of litigation and they no longer wish to engage in business with him. The sale of this property alone, therefore, is not indicative of discrimination. This is the only new factual development alleged by the Plaintiff.

Eventually, all litigation must come to an end. This dispute over the property has been ongoing now for over six years. Plaintiff's apparent obsession with the property at issue has seemingly forced the Defendants to seek a court order to bar him from making contact with them. *See* (Pl.'s Br. at 3). Plaintiff has now reargued the same basic point a total of six times, causing Defendants considerable expense based upon a specious legal claim. This is true, despite the fact that the Plaintiff previously signed a waiver to settle prior litigation also related to the property in dispute whereby Plaintiff released "any and all claims and rights which [he] may have against [the Ruanes] . . ., *including those of which [he was] not aware and those not mentioned in this Release*." (Maitlin Cert., Ex C) [9-1]. Although this release was never relied upon as a basis to dismiss Plaintiff's claims, the Court previously noted that "[t]his would also almost certainly be fatal to his present claim." (Op. of Dec. 14, 2011) [15]. Despite not relying upon this release in denying the present motion, the release is indicative of Plaintiff's bad faith in continuing to pursue this litigation. Therefore, this case will continue to remain closed. To prevent any further harassment of Defendants or delay in resolving this case, the Court will order that Plaintiff may not file any additional papers in this case without the express written permission of this Court.

Therefore, IT IS on this 24th day of September, 2012,

ORDERED that Plaintiff's Motion to Reinstate the Complaint [34] is DENIED; and it is

ORDERED that this case remains CLOSED; and it is

ORDERED that the Plaintiff is precluded from filing any further motions or pleadings in this matter without the express written permission of this Court; and it is

ORDERED that the Clerk of the Court be and hereby is directed not to accept for filing any new case, proceeding, motion or other litigation document submitted by or on behalf of Bezalel Grossberger a/k/a Ben Gross, known by these or any other name, in a matter related to

Defendants Patrick Ruane and Marion Ruane, or third-party Oak Glenn Acres, LLC, without a written Order of this Court; and it is

ORDERED that Plaintiff Bezalel Grossberger a/k/a Ben Gross shall annex a copy of this Order to all subsequent filings with this Court and shall refer to this Order on the cover page of any document he desires to file.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.
