NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

Bezalel GROSSBERGER,

        Plaintiff,

v.

Patrick RUANE and Marion RUANE,

        Defendants.

Civ. No. 11-3728

OPINION

THOMPSON, U.S.D.J.

      This matter has come before the Court on Plaintiff Bezalel Grossberger's ("Plaintiff's") Motion to Clarify Memorandum, [Docket # 38], concerning this Court's September 25, 2012 Memorandum Order ("September 25 Order") Denying Plaintiff's Motion to Reinstate the Complaint, [35]. The September 25 Order precluded Plaintiff from filing any further motions or pleadings in this matter without the express written permission of this Court. [38]. The Court grants Plaintiff's motion and has issued this clarification after consideration of Plaintiff's written submissions pursuant to Federal Rule of Civil Procedure 78(b).

**Background**

      Plaintiff initially filed this lawsuit against Defendants Patrick and Marion Ruane ("Defendants"), claiming that Defendants' unwillingness to close on a housing contract was a result of discrimination against Plaintiff and his community. [1]. Plaintiff sought redress under 42 U.S.C. §§ 1981, 1982 and 1985. [1]. The Court granted Defendants' Motion to Dismiss, finding, *inter alia*, that Plaintiff alleged no facts supporting discriminatory animus at the time of breach, that Plaintiff brought the civil rights claims five years after his rights were violated and after years of litigation had already ensued, and that Plaintiff had failed to plead that he was a

1

member of a protected class. [15]. The Court subsequently rejected a motion to amend the complaint, [17], a motion for reconsideration of the amended complaint, [24], and two motions to reinstate the complaint, [28 and 34]. In the September 25 Order denying the second reinstatement motion, the Court prohibited Plaintiff from submitting any more filings with regards to the relevant action without the Court's permission. [35].

Since then, Plaintiff has filed an appeal of the September 25 Order in the Third Circuit, [36], and filed the present motion to clarify in this Court, [38].

## Discussion

The Court extracts five main issues concerning the September 25 Order from Plaintiff's supporting brief for which Plaintiff would like further clarification. The issues are summarized and clarified below.

Plaintiff's first issue for clarification is the source of the Court's authority to issue *sua sponte* an order prohibiting further filings without permission. [38]. In answer, this Court finds that it has the discretion to limit further filings from a litigant, especially where the prohibition is narrowly tailored to the subject matter of the litigation, is not permanent, and is prompted by the litigant's continuous abuse of the judicial process through the filing of meritless and repetitive actions. *See, e.g.*, *Brow v. Farrelly*, 994 F.2d 1027 (3d Cir. 1993); *Beeghley v. Beeghley*, 29 Fed. Appx. 907 (3d. Cir. 2002). Based upon the Plaintiff's repeated filings in this Court, his failure to provide evidence to support the merits of his claims, and the length of litigation, this Court had sufficient reason to bar Plaintiff from future filings absent permission. [*See* 35].

Plaintiff next calls into question the Court's discussion in the September 25 Order of a "Release" that Plaintiff signed in 2008, wherein Plaintiff released "any and all claims and rights which [he] may have against [the Ruanes] . . ., including those of which [he was] not aware and

those not mentioned in this Release." [35; 9-1, Ex. C]. Plaintiff claims this Release is "faulty" because Defendants never signed it, despite language indicating the Release was mutual. [38]. The Court admittedly referenced this Release as evidence of Plaintiff's bad faith in pursuing litigation against Defendants. [35]. However, the Court went on to specifically state that it did *not* rely on the Release in its decision to deny reinstatement of the complaint, and thus, whether the Release was indeed invalid does not change this Court's findings. [*Id.*].

Plaintiff's third issue is tied to the above Release. Plaintiff argues that the Release does not bar further litigation concerning fraud in this case. [38]. Again, as the Court did not rely on the Release in denying the motion to reinstate the complaint, or in any of its previous decisions, the Court need not engage this point further.

The fourth issue Plaintiff raises involves the alleged failure of this Court to consider Defendants' violations of Sections 804 and 805 of the Fair Housing Act and of 42 U.S.C. §§ 3604 and 3605 when they "refus[ed] to enter into a contract, despite: national listing; and failure to procure a buyer." [38]. But since Plaintiff has never provided any facts showing that Defendants refused to sell him the property at issue based upon any of the protected categorizations listed in these statutes, the Court sees no reason to engage these claims further.

Plaintiff concludes his requests for clarification by essentially asking the Court to explain its dismissal of the Complaint. [38]. The Court presumes its previous writings on this matter are sufficient, and considers Plaintiff's Motion to Clarify this Court's September 25 Order satisfied.

/s/Anne E. Thompson
ANNE E. THOMPSON, U.S.D.J.

Date: December 31, 2012