NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Bezalel GROSSBERGER,

        Plaintiff,

v.

Patrick RUANE and Marion RUANE,

        Defendants.

Civ. No. 11-3728

OPINION

THOMPSON, U.S.D.J.

    This matter has come before the Court upon *pro se* Plaintiff Bezalel Grossberger's ("Plaintiff's") Motion to Disqualify Judge Anne E. Thompson in the above-captioned case. (Doc. No. 45). The Court has decided the motion on the papers pursuant to Federal Rule of Civil Procedure 78(b). For the reasons included herein, Plaintiff's motion is denied.

ANALYSIS

    Under 28 U.S.C. § 144, "Whenever a party to any [district court] proceeding . . . files a timely and sufficient affidavit that the [presiding] judge . . . has a personal bias or prejudice either against him or in favor of any adverse party," the judge shall cease all involvement in the case and the case shall be reassigned. The complaining affidavit "shall state the facts and the reasons for the belief that bias or prejudice exists." *Id.* The mere filing of an affidavit of bias pursuant to Section 144, however, does not require a trial judge to disqualify herself. *See United States v. Dansker*, 37 F.2d 40, 53 (3d Cir. 1976) (citing *Behr v. Mine Safety Appliances Co.*, 233 F.2d 371 (3d Cir. 1956)). "[I]f the affidavit submitted is legally insufficient to compel

disqualification, the judge has a duty to preside." *Dansker*, 37 F.2d at 53 (citing *Simmons v. United States*, 302 F.2d 71 (3d Cir. 1962)).

In the instant case, Plaintiff has submitted his affidavit demanding the judge's disqualification pursuant to 28 U.S.C. § 455.  Under Section 455(a), a federal judge must "disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a).  The appropriate test "is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *In re Kensington Intern. Ltd.*, 353 F.3d 211, 220 (3d Cir. 2003).  Section 455(b)(1), in contrast, "is more narrow in that it requires a judge to disqualify [herself] only if '[she] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.'" *Id.* (quoting 28 U.S.C. § 455(b)(1)).

Upon review of Plaintiff's submitted affidavit, the Court finds that Plaintiff has failed to present coherent evidence that the judge's impartiality in this case might reasonably be questioned or that there exists any personal bias or prejudice for or against any party.  To the extent that Plaintiff's motion relies upon his disagreements with previous actions taken by this Court, these alone cannot serve as the basis for disqualification.

## CONCLUSION

Based upon the foregoing reasons, Plaintiff's Motion to Disqualify, (Doc. No. 45), is denied.  An appropriate Order accompanies this Opinion.

/s/Anne E. Thompson  
ANNE E. THOMPSON, U.S.D.J.

Dated:   February 13, 2013